IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODDY KING,

        Plaintiff,                          No. CIV S-05-1664 KJM

    vs.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

        Defendant.                  ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will grant plaintiff's motion for remand and deny the Commissioner's cross-motion for summary judgment.

/////

/////

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security, replacing Jo Anne B. Barnhart, the original defendant herein.  Pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this action.

1

I. Factual and Procedural Background

In a decision dated March 22, 2005, the ALJ determined plaintiff was not disabled.[2] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of chronic fatigue syndrome and lumbar disc disease but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can perform a wide range of sedentary work; based on the testimony of a vocational expert, there are a significant number of jobs in the national economy that plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 17-18. Plaintiff contends the ALJ committed several errors;

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1  dispositive, however, is plaintiff's contention that in assessing the severity of his impairments,
2  the ALJ improperly rejected the opinion of a treating physician.
3  II.  Standard of Review
4         The court reviews the Commissioner's decision to determine whether (1) it is
5  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
6  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
7  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
8  Substantial evidence means more than a mere scintilla of evidence, but less than a
9  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
10 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
11 reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402
12 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
13 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,
14 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
15 detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
16 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
17 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
18 substantial evidence supports the administrative findings, or if there is conflicting evidence
19 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
20 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
21 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
22 1335, 1338 (9th Cir. 1988).
23 III.  Analysis
24     A.  Severity of Impairments
25        Plaintiff contends the ALJ improperly assessed the severity of his impairments.
26 An impairment is "not severe" only if it "would have no more than a minimal effect on an

individual's ability to work, even if the individual's age, education, or work experience were specifically considered." SSR 85-28.  The purpose of step two is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account.  Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987).  "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996); see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).  Impairments must be considered in combination in assessing severity.  20 C.F.R. § 404.1523.

        Plaintiff argues the ALJ failed to recognize as severe a diagnosis of fibromyalgia.  Although the ALJ found plaintiff has a severe impairment of chronic fatigue syndrome,[3] plaintiff contends the ALJ inappropriately factored out of consideration in the sequential analysis functional limitations due to fibromyalgia and, in doing so, improperly rejected the opinion of a treating physician.

        "Fibromyalgia is a form of rheumatic disease with no known cause or cure.  The principal symptoms, which are entirely subjective, are pain and tenderness in muscles, joints and ligaments, but the disease is frequently accompanied by fatigue, sleep disturbances, anxiety, dizziness, irritable bowels and tension headaches."  Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1067 (9th Cir. 1999) (citing Arthritis Foundation Pamphlet, Fibromyalgia 6-8 (1989)).  "The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness, and . . . multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch.  All these symptoms are easy to fake, although few applicants for disability benefits may yet be aware of the specific locations

---

[3] Although Social Security Ruling 99-2p notes that there is considerable overlap of symptoms between Chronic Fatigue Syndrome (CFS) and Fibromyalgia Syndrome (FS), they are not the same disorder.  SSR 99-2p, n.3.

that if palpated will cause the patient who really has fibromyalgia to flinch." Sarchet v. Chater, 78 F.3d 305, 306-07 (7th Cir. 1996).

Plaintiff's treating physician, Dr. Ryll, opined in questionnaires dated January 22, 2004 and November 24, 2004 that plaintiff had severe functional limitations due to chronic fatigue syndrome and fibromyalgia. AT 187-190, 194-199. In a letter dated November 17, 2004, Dr. Ryll set forth in detail impairments attributable to these disorders. AT 191-193. The November 2004 letter references an exhaustive history and physical examination performed by Dr. Ryll on November 5, 2003. Other than the questionnaires and the November 2004 letter, the record does not contain any of Dr. Ryll's records, including the notes from the November 2003 examination. In rejecting Dr. Ryll's opinions regarding plaintiff's functional limitations, the ALJ found them to be unsupported by objective findings.

This reason does not meet the standard for assessing physician's opinions set forth in Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Particularly here, where the only reason for rejecting a treating physician's opinion is lack of objective findings for a disease in which the principal symptoms are entirely subjective,[4] it was incumbent upon the ALJ to obtain any pertinent medical records from Dr. Ryll. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991) (disability hearings not adversarial); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ has duty to develop the record even when claimant is represented). In addition, it appears from his November 2004 letter that Dr. Ryll is a specialist in treatment of this disease; therefore his opinion is particularly pertinent and should be accorded greater weight than those of other medical practitioners. AT 193; cf. Benecke v. Barnhart, 379 F.3d 587, 594 n.4 (9th Cir. 2004) (rheumatology relevant specialty for fibromyalgia); 20 C.F.R. § 404.1527(d)(5). The

---

[4] Because of the nature of the disease, it was improper for the ALJ to discredit plaintiff's testimony on the basis of lack of objective findings. AT 14-15.

matter therefore will be remanded so that Dr. Ryll's complete medical records may be obtained.[5] Given the constellation of reported disorders, the ALJ should obtain a consultation from a rheumatologist for consideration of the full panoply of plaintiff's impairments[6] and whether the combinations of these impairments meets or equals a listing.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for remand is granted;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED:  March 28, 2007.

_____
U.S. MAGISTRATE JUDGE

006
king.ss

---

[5] On remand, the complete medical records of Dr. Johnson also should be obtained inasmuch as the basis for rejecting this physician's extreme functional limitations also was the lack of supporting medical records from the treating physician.  AT 15, 182-185.

[6] Consideration must also be given to plaintiff's hand impairment. Disability examiner Dr. Silver assigned a 14% impairment in plaintiff's dominant right hand.  AT 172.  The consultative examiner found objective findings of hand impairment although he ascribed no manipulative limitations to this impairment.  AT 129-130.  These conflicting opinions must be properly reconciled upon remand; it is insufficient to simply reject Dr. Silver's functional limitations because the evaluation was limited to the wrists and fifth fingers.  AT 15.